**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2446-17T2

AMY E. GLASER,

    Plaintiff-Respondent,

v.

LAWSON SCOTT GLASERGREEN,

    Defendant-Appellant.

_____

          Submitted February 26, 2019 – Decided March 7, 2019

          Before Judges Fisher and Hoffman.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FD-10-0134-08.

          Lawson Scott Glasergreen, appellant pro se.

          Amy E. Glaser, respondent pro se.

PER CURIAM

    The parties were married in New Jersey in 1993 and divorced in Colorado in 2002. Their oldest child was born in 1997 and attends an out-of-state Ivy

League university; the youngest was born in 2000 and attends a post-secondary vocational school in land conservation in Arizona. Plaintiff resides in New Jersey; the children also reside here when they are not away at school. Defendant resides in Kentucky. The Colorado order that originally fixed defendant's support obligations was registered in New Jersey in 2007; since then, our courts have addressed a number of applications regarding this obligation.

Recently, defendant moved to have the oldest child declared emancipated. His motion was denied because the child was found to be a fulltime college student. The motion to reduce the child support obligation for other reasons was denied because no changed circumstances were presented.

Defendant appeals the December 15, 2017 order that memorialized those determinations, arguing, among other things, that his child support obligation as to the oldest child should have been terminated because he believes Colorado law requires emancipation when a child turns nineteen. Even if defendant had shown this to be true,[1] in 2007 our courts obtained – and have not since relinquished – modification and enforcement jurisdiction over the child support obligation when both parties moved to New Jersey. Plaintiff continues to reside

_____

[1] Defendant's merits brief lacks citation to any Colorado legal authorities.

in New Jersey, and, in light of that fact and defendant's failure to adequately brief the matter, defendant has not demonstrated why our courts may not continue to modify or enforce the child support obligation in these circumstances and by reliance on New Jersey law.

We find insufficient merit in defendant's arguments to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2446-17T2